

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00166-CR

_____

JACK H. MEYER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. M04922

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Jack H. Meyer has appealed from his misdemeanor conviction by a jury for refusal to execute release of a fraudulent lien pursuant to Section 32.49 of the Texas Penal Code. TEX. PENAL CODE ANN. § 32.49 (Vernon 2003). The jury assessed punishment at seven days' confinement in the county jail and a $1,000.00 fine. The trial court suspended imposition of the sentence and placed Meyer on community supervision for two years.

At trial, after an extensive series of exchanges with the trial court, Meyer chose to represent himself, rather than to allow appointed counsel to assert his position under the rules of the adversary system—as counsel is required to do. *See* TEX. R. PROF'L CONDUCT, Preamble: A Lawyer's Responsibilities 2, 4 *reprinted in* TEX. GOV'T CODE ANN., Tit. 2, subtit. G. app. A (Vernon 2005).

In his notice of appeal, Meyer stated that he was representing himself, and also stated that he needed the assistance of an attorney, and asked this Court to inform him how he might acquire the necessary assistance of counsel. We recognized that the trial court had carefully explained, before his trial, the dangers of self-representation and questioned whether he wanted to represent himself. We also recognized that his statements made it apparent that he wanted to control his appeal, but with the assistance of counsel—which is effectively hybrid representation, or alternatively might want to dictate to counsel how his appeal should be pursued—actions which counsel may not allow under the ethical rules governing the profession. In an abundance of

caution, we abated the case to the trial court with directions to readmonish Meyer and determine under the standards of *Faretta*[1] whether his decision to represent himself was made knowingly, intelligently, and voluntarily.   After a hearing at which this occurred, the court found his decision knowing and voluntary (although a bad mistake), and Meyer signed the formal waiver contemplated by Article 1.051 of the Texas Code of Criminal Procedure.   TEX. CODE CRIM. PROC. ANN. art. 1.051 (Vernon Supp. 2009).

We have, therefore, chosen to permit him to represent himself on appeal.

On February 4, Meyers presented a brief for filing that, beginning with the statement of facts and ending at the prayer, is 253 pages long.   The maximum permissible length is fifty pages; the statement of facts does not include references to the clerk's record or reporter's record showing where those facts are found, the table of contents and the index of authorities do not provide page numbers to show where each issue or authority is found in the body of the brief, and the brief does not contain a certificate of service stating that a copy had been served on all parties to the proceeding.   On February 4, we wrote a letter to Meyer informing him that his brief would not be filed as presented, citing and summarizing the Texas Rules of Appellate Procedure that were violated, and directing him to submit a new brief by February 16.

Instead, Meyers wrote a letter to this Court, which we received on February 9, in which he protests the unfairness of requiring him to act within the confines of the appellate rules, claims that the trial court is committing treason, states that his brief "must stand as it is," and states

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

categorically that he believed there was not "one lawful requirement for me to even present a brief of my facts."

In response, on February 11, we again wrote Meyer. We reminded him that pro se defendants nevertheless were required to abide by the applicable rules of procedure, reiterated the requirements that were not met by his brief, and warned him that:

> You may choose to rely on the brief that you have presented to this Court. That decision is yours to make. However, the brief presented to this Court will be struck and will not be considered. We hereby provide a final opportunity for you to prepare and file a brief that complies with the requirements of the rules. We also warn you that failure to submit a brief complying with the Texas Rules of Appellate Procedure will cause your appeal to be subject to dismissal without further notice.

We then reset the due date for filing a proper brief to March 4, 2010. An additional twenty days have now elapsed. Meyer has not filed a brief, and has filed no further documents with this Court. He has made it clear that he despises the system that he now seeks to use to his benefit. Meyer has had opportunity to seek review, within the same framework as that used by every other litigant that appears before this Court, and has contumaciously refused to do so.

We point out, that, contrary to his apparent beliefs, this Court does not act on behalf of the State. We do not, and cannot, create arguments for parties—we are neither the appellant's nor the appellee's advocate. We have an interest in a just adjudication, but also have an interest in remaining impartial. *See Ex parte Lowery*, 840 S.W.2d 550, 552 n.1 (Tex. App.—Dallas 1992),

4

*rev'd on other grounds*, 867 S.W.2d 41 (Tex. Crim. App. 1993). Simply put, we will not brief a defendant's case for him. *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995).

The brief tendered for filing, as we previously informed Meyer, fails to substantially comply with the Texas Rules of Appellate Procedure. He has twice been given the opportunity to provide a brief, and has not just failed, but refused to do so. Meyer has failed to comply with the directives of this Court, and has in fact stated that he intends to file only what he finds appropriate. Accordingly, we strike Meyer's defective brief received by this Court on February 4, 2010. *See* TEX. R. APP. P. 9.4(i).

Under these circumstances, we conclude this appeal was not taken with the intention of pursuing it to completion, but instead was taken for other purposes unrelated to the disposition of the case. We thus conclude that Meyer has engaged in dilatory and bad faith abuse of the judicial process. We will not permit Meyer to attempt to further manipulate the appellate system. We dismiss this appeal for want of prosecution (both under our inherent authority and under the authority of the appellate rules as applied to this fact situation) for Meyers's failure to comply with the appellate rules, and for his failure to respond to a notice from the clerk requiring action within a specified time. *See* TEX. R. APP. P. 42.3(b), (c);[2] *see generally Stavinoha v. State*, 82 S.W.3d 690 (Tex. App.—Waco 2002, no pet.); *Bush v. State*, 80 S.W.3d 199 (Tex. App.—Waco 2002, no pet.); *McDaniel v. State*, 75 S.W.3d 605 (Tex. App.—Texarkana 2002, no pet.); *Rodriguez v.*

---

[2]*See Pena v. State*, No. 04-04-00904-CV, 2005 WL 954396 (Tex. App.—San Antonio Apr. 27, 2005, no pet.) (mem. op.); *Dao v. State*, No. 05-03-01412-CV, 2004 WL 1044352 (Tex. App.—Dallas May 10, 2004, no pet.) (mem. op.).

*State*, 970 S.W.2d 133, 135 (Tex. App.—Amarillo 1998, pet. ref'd); *see also Brager v. State*,

No. 0365-03, 2004 WL 3093237 (Tex. Crim. App. Oct. 13, 2004) (not designated for publication);

*Johnson v. State*, 166 S.W.3d 372 (Tex. App.—Waco 2005, no pet.).

    Accordingly, we dismiss the appeal.


                                   Bailey C. Moseley
                                   Justice

Date Submitted:     March 31, 2010
Date Decided:      April 1, 2010

Publish