NO. 07-10-00508-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 19, 2011

_____

LESHAWN MCREYNOLDS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,114-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, LeShawn McReynolds, appeals an Order of Deferred Adjudication relating to a possession of marijuana offense.  Under the Order, appellant was placed on deferred adjudication community supervision for a period of ten years and was assessed a $1,500 fine.  However, due to appellant's nonfeasance in prosecuting this appeal, we now dismiss the appeal for want of prosecution.

Appellant's appointed trial counsel timely filed notice of appeal on appellant's behalf on December 16, 2010.  On January 19, 2011, this Court received a request from the trial court clerk for extension of time to file the clerk's record.  This motion indicated

that appellant had not paid or made arrangements to pay for the clerk's record and that no attorney had "appeared" in the case for appeal. On that same date, this Court granted the clerk's request for extension, and sent separate notice to appellant regarding his failure to pay for or make arrangements to pay for the clerk's record. Further, this Court notified appellant that, if this Court did not receive the clerk's record or a certification from the clerk or appellant that the record had been paid for or that satisfactory arrangements had been made for the preparation of the record by February 21, 2011, this Court may dismiss the appeal for want of prosecution. See TEX. R. APP. P. 37.3(b). When the Court did not receive the clerk's record by this deadline and, in fact, received another request for extension of time to file the clerk's record, again indicating that appellant had not paid or made arrangements to pay for the clerk's record, we abated and remanded the case to the trial court on March 9, 2011.

Our Order of Abatement and Remand clarified that appointed trial counsel remained responsible for ensuring that appellant's appeal was diligently pursued, and directed the trial court to hold a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) if appellant is indigent and desires to prosecute the appeal, whether he is entitled to have the appellate record furnished without charge; (4) whether present counsel for appellant has abandoned the appeal; (5) if appellant desires to prosecute this appeal and is indigent, whether appellant's present counsel should be replaced; and (6) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to

assure that the appeal will be diligently pursued. As directed, the trial court held this hearing on March 24, 2011.

Appointed trial counsel for appellant and counsel for the State appeared at this hearing and announced ready. However, appellant did not appear. Following this hearing, the trial court entered findings of facts and conclusions of law that include the following findings:

> Since Appellant's release from custody[,] he has failed to have any contact with his counsel.
>
> Since Appellant's release from custody[,] he has failed to have any contact with his community supervision officer[,] and has failed to comply with any terms and conditions of his community supervision.
>
> All attempts to locate Appellant by both counsel and community supervision have been fruitless.
>
> Appellant's conduct demonstrates a willful and intentional failure to comply with the requirements of pursuing an appeal.
>
> Appellant has wholly failed to establish any indicia of a desire to pursue his appeal or cooperate with the judicial process.

In addition, the trial court made the following conclusion of law: "Appellant's willful and intentional failure to comply with the requirements of the judicial process[,] and his failure to communicate with counsel constitutes [a] clear desire not to prosecute this appeal."

Under these circumstances, we conclude that this appeal was not taken with the intention of pursuing it to completion, but instead was taken for other purposes unrelated to the disposition of the case. Meyer v. State, 310 S.W.3d 24, 26 (Tex.App.—Texarkana 2010, no pet.). As such, we conclude that appellant "has engaged in dilatory

3

and bad faith abuse of the judicial process." Id.; see also Brager v. State, No. 0365-03, 2004 Tex.Crim.App. LEXIS 2203, at *6-*7 (Tex.Crim.App. Oct. 13, 2004) (not designated for publication). Consequently, we now invoke Rule 2 of the Texas Rules of Appellate Procedure as well as our inherent authority to control disposition of causes on our docket, and dismiss this appeal for appellant's want of prosecution. See TEX. R. APP. P. 2, 42.3(b); Brager, 2004 Tex.Crim.App. LEXIS 2203, at *10; Meyer, 310 S.W.3d at 26-27; Rodriguez v. State, 970 S.W.2d 133, 135 (Tex.App.—Amarillo 1998, pet. ref'd).

Mackey K. Hancock
Justice

Do not publish.