NO. 07-10-00508-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



APRIL
19, 2011

 



 

LESHAWN MCREYNOLDS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 60,114-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant, LeShawn McReynolds,
appeals an Order of Deferred Adjudication relating to a possession of marijuana
offense.  Under the Order, appellant was
placed on deferred adjudication community supervision for a period of ten years
and was assessed a $1,500 fine.  However,
due to appellant’s nonfeasance in prosecuting this appeal, we now dismiss the
appeal for want of prosecution.  

            Appellant’s
appointed trial counsel timely filed notice of appeal on appellant’s behalf on
December 16, 2010.  On January 19, 2011,
this Court received a request from the trial court clerk for extension of time
to file the clerk’s record.  This motion
indicated that appellant had not paid or made arrangements to pay for the
clerk’s record and that no attorney had “appeared” in the case for appeal.  On that same date, this Court granted the
clerk’s request for extension, and sent separate notice to appellant regarding
his failure to pay for or make arrangements to pay for the clerk’s record.  Further, this Court notified appellant that,
if this Court did not receive the clerk=s record or a certification from the clerk or appellant that
the record had been paid for or that satisfactory arrangements had been made
for the preparation of the record by February 21, 2011, this Court may dismiss
the appeal for want of prosecution.  See
Tex. R. App. P. 37.3(b).  When the Court did not receive the clerk’s
record by this deadline and, in fact, received another request for extension of
time to file the clerk’s record, again indicating that appellant had not paid
or made arrangements to pay for the clerk’s record, we abated and remanded the
case to the trial court on March 9, 2011. 


Our Order of Abatement and Remand
clarified that appointed trial counsel remained responsible for ensuring that
appellant’s appeal was diligently pursued, and directed the trial court to hold
a hearing to determine: (1) whether appellant desires to prosecute this appeal;
(2) if appellant desires to prosecute this appeal, whether appellant is
indigent; (3) if appellant is indigent and desires to prosecute the appeal,
whether he is entitled to have the appellate record furnished without charge;
(4) whether present counsel for appellant has abandoned the appeal; (5) if
appellant desires to prosecute this appeal and is indigent, whether appellant=s present counsel should be replaced;
and (6) what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant=s appeal if appellant does not desire
to prosecute this appeal or, if appellant desires to prosecute this appeal, to
assure that the appeal will be diligently pursued.  As directed, the trial court held this hearing
on March 24, 2011.

Appointed trial counsel for appellant
and counsel for the State appeared at this hearing and announced ready.  However, appellant did not appear.  Following this hearing, the trial court
entered findings of facts and conclusions of law that include the following
findings:

Since Appellant’s release from custody[,] he
has failed to have any contact with his counsel.

Since Appellant’s release from custody[,] he
has failed to have any contact with his community supervision officer[,] and has
failed to comply with any terms and conditions of his community supervision.

All attempts to locate Appellant by both counsel and community
supervision have been fruitless.

Appellant’s conduct demonstrates a willful and intentional failure to
comply with the requirements of pursuing an appeal.

Appellant has wholly failed to establish any indicia of a desire to
pursue his appeal or cooperate with the judicial process.

 

In addition, the trial court made the
following conclusion of law: “Appellant’s willful and intentional failure to
comply with the requirements of the judicial process[,]
and his failure to communicate with counsel constitutes [a] clear desire not to
prosecute this appeal.”

            Under
these circumstances, we conclude that this appeal was not taken with the
intention of pursuing it to completion, but instead was taken for other
purposes unrelated to the disposition of the case.  Meyer v. State, 310
S.W.3d 24, 26 (Tex.App.—Texarkana 2010, no pet.).  As such, we conclude that appellant “has
engaged in dilatory and bad faith abuse of the judicial process.”  Id.; see also
Brager v. State, No. 0365-03, 2004 Tex.Crim.App. LEXIS 2203, at *6-*7
(Tex.Crim.App. Oct. 13, 2004) (not designated
for publication).  Consequently, we now
invoke Rule 2 of the Texas Rules of Appellate Procedure as well as our inherent
authority to control disposition of causes on our docket, and dismiss this
appeal for appellant’s want of prosecution. 
See Tex. R. App. P. 2, 42.3(b); Brager, 2004 Tex.Crim.App.
LEXIS 2203, at *10; Meyer, 310 S.W.3d at 26-27; Rodriguez
v. State, 970 S.W.2d 133, 135 (Tex.App.—Amarillo
1998, pet. ref’d).

 

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








Do
not publish.