NO. 07-10-00479-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
4, 2011

 



 

CHRIS ALLEN MCLAIN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF
HALE COUNTY;

 

NO. A18122-0908; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER
OF ABATEMENT AND REMAND

Appellant,
Chris Allen McLain, filed a notice of appeal from his conviction for possession
of a controlled substance, and sentence of four years
incarceration in the Institutional Division of the Texas Department of Criminal
Justice and $1,000 fine.  The appellate
court clerk received and filed the trial court clerk=s record on December 20, 2010.  The official court reporter filed a request
for extension of time to file the record on December 14, indicating that
appellant had not paid for or made arrangements to pay for the reporter’s
record.  On December 15, this Court sent
correspondence to appellant directing him to pay for or make arrangements to
pay for the reporter’s record by January 17, 2011, or the deadline for
appellant’s brief might be set in the absence of the reporter’s record.  On January 18, this Court received a second
request for extension of time to file the reporter’s record, which again
indicated that appellant had not paid for or made arrangements to pay for the
reporter’s record.  On January 26, this
Court notified appellant that his brief would be due on or before February 25.  When appellant failed to comply with this
deadline, the Court sent appellant notice that his brief was past due and
advised appellant that failure to file his brief by March 14,
may result in the appeal being abated and remanded to the trial court for
further proceedings.  To date, appellant
has failed to file his brief or in any manner respond to our notices.

Consequently,
we abated this appeal and remanded the cause to the
trial court on March 25.  See Tex. R. App. P. 38.8(b)(2).  We directed the
trial court to hold a hearing to determine: (1) whether appellant desires to
prosecute this appeal; (2) if appellant desires to prosecute this appeal,
whether appellant is indigent and whether appellant desires that counsel be
appointed to represent him on the appeal; and (3) what orders, if any, should
be entered to assure the filing of appropriate notices and documentation to
dismiss appellant=s appeal if appellant does not desire
to prosecute this appeal or, if appellant desires to prosecute this appeal, to
assure that the appeal will be diligently pursued.  The supplemental clerk’s record includes
findings of fact that indicate that appellant failed to appear at the hearing,
even though notified of the hearing by both the trial court and the surety on
his appeal bond, and that the trial court ordered his appeal bond
forfeited.  The trial court also found
that a capias has been ordered for the arrest of
appellant and that, because appellant is a fugitive, the trial court does not
know whether appellant desires to prosecute this appeal.

However,
also included in the supplemental clerk’s record is a letter, dated the same
date as the hearing on remand, sent to the trial court from Arnold N. Miller,
which indicates that Miller had been retained by appellant to represent him in
this cause.[1]  Miller has not made an appearance in this
Court on appellant’s behalf.  In an
attempt to clarify confusion relating to whether Miller is representing
appellant in this appeal, this Court sent correspondence to Miller on April 15,
directing Miller, if he has been retained to represent appellant in this
appeal, to designate himself as lead counsel by April 25.[2]  To date, neither Miller nor appellant has
responded to our directive.

Accordingly,
we again abate this appeal and remand the cause to the trial court.  See Tex.
R. App. P. 38.8(b)(2).  Upon remand, the judge of the trial court is
directed to immediately cause notice to be given of and to conduct a hearing to
determine: (1) whether appellant desires to prosecute this appeal; (2) whether
appellant has retained Arnold N. Miller to represent him in this appeal; and
(3) what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant=s appeal if appellant does not desire to prosecute this
appeal or, if appellant desires to prosecute this appeal, to assure that the
appeal will be diligently pursued.[3]  If the trial court appoints counsel for
appellant or appellant retained Miller or another attorney, the court should
cause the Clerk of this Court to be furnished the name, address, and State Bar
of Texas identification number of the newly-appointed or newly-retained
attorney.  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
See Tex. R. App. P. 38.8(b)(3).  In the absence
of a request for extension of time from the trial court, the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than June 3, 2011.      

 

                                                                                                            Per
Curiam

Do
not publish.         











[1] We note that this letter identifies the present cause
by trial court cause number, but does not identify the appellate cause number
assigned to this case, and that Miller identifies his representation as being
“in regard to the above case pending in the 242nd District Court,
Hale County, Texas.”  Nothing in this
letter in any way indicates that Miller is aware that this case is currently on
appeal.

 





[2] A copy of this letter was also sent to appellant at
his last known address.

 





[3] Our review of the record reveals that appellant is not
currently serving his sentence of four years
incarceration because he has been released from custody on an appeal bond.  While we are also aware that a capias has been issued for appellant’s arrest, based on the
extensive delays caused by appellant and as appellant is currently avoiding
incarceration on an appeal bond, we direct the trial court to find whether this
appeal was taken by appellant with the intention of pursuing it to completion
or was taken for other purposes unrelated to the disposition of the case, such
as for purely dilatory purposes.  See
Meyer v. State, 310 S.W.3d 24, 26 (Tex.App.—Texarkana
2010, no pet.).