NO. 07-10-00479-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 4, 2011

CHRIS ALLEN MCLAIN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A18122-0908; HONORABLE EDWARD LEE SELF, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Chris Allen McLain, filed a notice of appeal from his conviction for possession of a controlled substance, and sentence of four years incarceration in the Institutional Division of the Texas Department of Criminal Justice and $1,000 fine. The appellate court clerk received and filed the trial court clerk's record on December 20, 2010. The official court reporter filed a request for extension of time to file the record on December 14, indicating that appellant had not paid for or made arrangements to pay for the reporter's record. On December 15, this Court sent correspondence to appellant directing him to pay for or make arrangements to pay for the reporter's record by January 17, 2011, or the deadline for appellant's brief might be set in the absence of the

reporter's record. On January 18, this Court received a second request for extension of time to file the reporter's record, which again indicated that appellant had not paid for or made arrangements to pay for the reporter's record. On January 26, this Court notified appellant that his brief would be due on or before February 25. When appellant failed to comply with this deadline, the Court sent appellant notice that his brief was past due and advised appellant that failure to file his brief by March 14, may result in the appeal being abated and remanded to the trial court for further proceedings. To date, appellant has failed to file his brief or in any manner respond to our notices.

Consequently, we abated this appeal and remanded the cause to the trial court on March 25. See TEX. R. APP. P. 38.8(b)(2). We directed the trial court to hold a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and whether appellant desires that counsel be appointed to represent him on the appeal; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. The supplemental clerk's record includes findings of fact that indicate that appellant failed to appear at the hearing, even though notified of the hearing by both the trial court and the surety on his appeal bond, and that the trial court ordered his appeal bond forfeited. The trial court also found that a capias has been ordered for the arrest of appellant and that, because appellant is a fugitive, the trial court does not know whether appellant desires to prosecute this appeal.

2

However, also included in the supplemental clerk's record is a letter, dated the same date as the hearing on remand, sent to the trial court from Arnold N. Miller, which indicates that Miller had been retained by appellant to represent him in this cause.[1] Miller has not made an appearance in this Court on appellant's behalf. In an attempt to clarify confusion relating to whether Miller is representing appellant in this appeal, this Court sent correspondence to Miller on April 15, directing Miller, if he has been retained to represent appellant in this appeal, to designate himself as lead counsel by April 25.[2] To date, neither Miller nor appellant has responded to our directive.

Accordingly, we again abate this appeal and remand the cause to the trial court. See TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) whether appellant has retained Arnold N. Miller to represent him in this appeal; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.[3] If

---

[1] We note that this letter identifies the present cause by trial court cause number, but does not identify the appellate cause number assigned to this case, and that Miller identifies his representation as being "in regard to the above case pending in the 242nd District Court, Hale County, Texas." Nothing in this letter in any way indicates that Miller is aware that this case is currently on appeal.

[2] A copy of this letter was also sent to appellant at his last known address.

[3] Our review of the record reveals that appellant is not currently serving his sentence of four years incarceration because he has been released from custody on an appeal bond. While we are also aware that a capias has been issued for appellant's arrest, based on the extensive delays caused by appellant and as appellant is currently avoiding incarceration on an appeal

3

the trial court appoints counsel for appellant or appellant retained Miller or another attorney, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. See TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than June 3, 2011.

Per Curiam

Do not publish.

---

bond, we direct the trial court to find whether this appeal was taken by appellant with the intention of pursuing it to completion or was taken for other purposes unrelated to the disposition of the case, such as for purely dilatory purposes. See Meyer v. State, 310 S.W.3d 24, 26 (Tex.App.—Texarkana 2010, no pet.).