NO. 07-10-00324-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
9, 2011

 



 

JAMES CODY SULLIVAN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF
CASTRO COUNTY;

 

NO. A3000-0504; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER
OF ABATEMENT AND REMAND

Appellant,
James Cody Sullivan, filed a notice of appeal from his conviction for forgery
of a financial instrument, and sentence of two years
incarceration in the State Jail Division of the Texas Department of Criminal
Justice, and $500 fine.  We must again
abate and remand this appeal.

The
appellate court clerk received and filed the trial court clerk=s record on October 7, 2010.  The trial court reporter=s record was due to be received by
October 4, 2010.  This Court received two
requests for extension of time to file the reporter’s record, both indicating
that appellant had neither requested preparation of the record nor paid for or
made arrangements to pay for the record. 
Concurrent with granting the reporter’s first request for extension,
this Court sent a letter to appellant directing him to request and to pay for
or make arrangements to pay for the reporter’s record and to certify that such
action was taken by November 15, 2010, or the Court may set a deadline for
appellant’s brief in the absence of a reporter’s record.  When the reporter’s second request for
extension was received on November 17 and no certification of compliance with the
Court’s directive was received from appellant, the Court notified appellant by
letter that his appellate brief was due on or before December 20, 2010.  Appellant did not file his brief or request
an extension of time to file his brief by this deadline.  Consequently, on January 3, 2011, this Court
sent appellant notice that, pursuant to Texas Rule of Appellate Procedure 38.8,
failure to file his brief by January 13, may result in the appeal being abated
and remanded without further notice. 
Having not received appellant’s brief, on January 20, this Court abated
the appeal and remanded it to the trial court to determine whether appellant
desired to continue to prosecute the appeal and if he was indigent and desired
appointment of counsel.  On February 17, the
trial court held a hearing at which appellant attested that he would retain the
services of an attorney to assist him in his appeal on that same day.  However, to date, no counsel has made an
appearance on appellant’s behalf.  In
fact, the attorney that appellant indicated at the hearing that he intended to
retain, Bryan Johnston, has corresponded with this Court specifically
indicating that he has neither been appointed to represent appellant in this
appeal nor has he been retained by appellant to represent him in this
appeal.  The appeal was reinstated from
the abatement on February 18.  This Court
notified appellant of reinstatement of the appeal on March 2.  In that notice, the Court advised appellant
that his brief was due on or before April 1. 
When appellant failed to file his brief by this deadline, the Court, on
April 13, notified appellant that his brief was, once again, past due.  By this correspondence, the Court directed
appellant to file his brief on or before April 25 or the appeal would be abated
and remanded to the trial court without further notice.  To date, appellant has still not filed his
brief.

Accordingly,
we now abate this appeal and remand the cause to the trial court.  See Tex.
R. App. P. 38.8(b)(2).  Upon remand, the judge of the trial court is
directed to immediately cause notice to be given of and to conduct a hearing to
determine: (1) whether appellant desires to prosecute this appeal; (2) if
appellant desires to prosecute this appeal, whether appellant is indigent and
whether appellant desires that counsel be appointed to represent him on the
appeal; and (3) what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant=s appeal if appellant does not desire
to prosecute this appeal or, if appellant desires to prosecute this appeal, to
assure that the appeal will be diligently pursued.[1]  If the trial court appoints counsel for
appellant or if appellant retains counsel, the court should cause the Clerk of
this Court to be furnished the name, address, and State Bar of Texas
identification number of the newly-appointed or newly-retained attorney.  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
See Tex. R. App. P. 38.8(b)(3).  In the absence
of a request for extension of time from the trial court, the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than June 9, 2011.      

 

Per Curiam

Do not publish.

 

            








 











[1] Our review of the record reveals that appellant is not
currently serving his sentence of two years
incarceration in a state jail facility because he has been released from
custody on an appeal bond.  Based on the
extensive delays caused by appellant and as appellant is currently avoiding
incarceration on an appeal bond, we direct the trial court to find whether this
appeal was taken by appellant with the intention of pursuing it to completion
or was taken for other purposes unrelated to the disposition of the case, such
as for purely dilatory purposes.  See
Meyer v. State, 310 S.W.3d 24, 26 (Tex.App.—Texarkana
2010, no pet.).