NO. 07-10-00324-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 9, 2011

_____

JAMES CODY SULLIVAN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;

NO. A3000-0504; HONORABLE ROBERT W. KINKAID JR., JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, James Cody Sullivan, filed a notice of appeal from his conviction for forgery of a financial instrument, and sentence of two years incarceration in the State Jail Division of the Texas Department of Criminal Justice, and $500 fine. We must again abate and remand this appeal.

The appellate court clerk received and filed the trial court clerk's record on October 7, 2010. The trial court reporter's record was due to be received by October 4, 2010. This Court received two requests for extension of time to file the reporter's

record, both indicating that appellant had neither requested preparation of the record nor paid for or made arrangements to pay for the record. Concurrent with granting the reporter's first request for extension, this Court sent a letter to appellant directing him to request and to pay for or make arrangements to pay for the reporter's record and to certify that such action was taken by November 15, 2010, or the Court may set a deadline for appellant's brief in the absence of a reporter's record. When the reporter's second request for extension was received on November 17 and no certification of compliance with the Court's directive was received from appellant, the Court notified appellant by letter that his appellate brief was due on or before December 20, 2010. Appellant did not file his brief or request an extension of time to file his brief by this deadline. Consequently, on January 3, 2011, this Court sent appellant notice that, pursuant to Texas Rule of Appellate Procedure 38.8, failure to file his brief by January 13, may result in the appeal being abated and remanded without further notice. Having not received appellant's brief, on January 20, this Court abated the appeal and remanded it to the trial court to determine whether appellant desired to continue to prosecute the appeal and if he was indigent and desired appointment of counsel. On February 17, the trial court held a hearing at which appellant attested that he would retain the services of an attorney to assist him in his appeal on that same day. However, to date, no counsel has made an appearance on appellant's behalf. In fact, the attorney that appellant indicated at the hearing that he intended to retain, Bryan Johnston, has corresponded with this Court specifically indicating that he has neither been appointed to represent appellant in this appeal nor has he been retained by appellant to represent him in this appeal. The appeal was reinstated from the

2

abatement on February 18. This Court notified appellant of reinstatement of the appeal on March 2. In that notice, the Court advised appellant that his brief was due on or before April 1. When appellant failed to file his brief by this deadline, the Court, on April 13, notified appellant that his brief was, once again, past due. By this correspondence, the Court directed appellant to file his brief on or before April 25 or the appeal would be abated and remanded to the trial court without further notice. To date, appellant has still not filed his brief.

Accordingly, we now abate this appeal and remand the cause to the trial court. See TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and whether appellant desires that counsel be appointed to represent him on the appeal; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.[1] If the trial court appoints counsel for appellant or if appellant retains counsel, the court should

---

[1] Our review of the record reveals that appellant is not currently serving his sentence of two years incarceration in a state jail facility because he has been released from custody on an appeal bond. Based on the extensive delays caused by appellant and as appellant is currently avoiding incarceration on an appeal bond, we direct the trial court to find whether this appeal was taken by appellant with the intention of pursuing it to completion or was taken for other purposes unrelated to the disposition of the case, such as for purely dilatory purposes. See Meyer v. State, 310 S.W.3d 24, 26 (Tex.App.—Texarkana 2010, no pet.).

cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. See TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than June 9, 2011.

Per Curiam

Do not publish.

4