

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00692-CV

John **SHULL**,
Appellant

v.

**WESTOVER CROSSING (SAN ANTONIO) HOMEOWNERS' ASSOCIATION, INC.**;
Spectrum Association Management, LP; and Buck (Delvin) Benson,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-15954
Honorable Karen H. Pozza, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Jason Pulliam, Justice

Delivered and Filed:  December 7, 2016

DISMISSED FOR WANT OF PROSECUTION

This appeal arises from pro se appellant John Shull's complaints about the management and operation of the Westover Crossing (San Antonio) Homeowners' Association. Because Appellant has twice failed to file a brief that complies with the Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution.

Appellant filed his brief on October 17, 2016; the brief flagrantly violated the appellate rules. The printed brief consisted of eighty-nine pages but it did not contain a certificate of compliance. *Contra* TEX. R. APP. P. 9.4(i)(3). The included portions of the brief contained more

than 30,000 words, over twice the allowed maximum, *contra id.* R. 9.4(i)(2)(B), and the brief's typefaces were smaller than required, *contra id.* R. 9.4(d),(e).

Because the brief flagrantly violated the Rules, on October 25, 2016, we advised Appellant of the original brief's defects, struck Appellant's original brief, and ordered him to file an amended brief. We warned Appellant that "**[t]he amended brief must correct all of the violations listed above and fully comply with the applicable rules.**" *See, e.g.*, *id.* R. 9.4, 9.5, 38.1. We further warned Appellant that "[i]f the amended brief does not comply with [our] order, we 'may strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief.'" *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss an appeal if an appellant fails to timely file a brief).

On November 7, 2016, Appellant filed his amended brief. The amended brief does not comply with Rules 9.4 and 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.4, 38.1. Specifically, the 144-page brief has, inter alia, the following defects. The amended brief contains numerous citations to materials outside the appellate record. *Contra id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The brief must contain . . . appropriate citations . . . to the record."). The great majority of the brief comprises lengthy recitations of alleged facts and complaints but very little that might be construed to present a legal argument specifying how the trial court erred and why this court should reverse the trial court's judgment. *Contra id.* ("The brief must contain a clear and concise argument for the contentions made . . . ."). Appellant's argument section is not "a clear and concise argument for the contentions made [that are supported by] appropriate citations to authorities and to the record." *Contra id.*

Further, as Appellant notes in the certificate of compliance, the brief contains 27,787 words, almost twice the allowed maximum, *contra id.* R. 9.4(i)(2)(B), and the amended brief's

186-page appendix contains numerous documents outside the appellate record.  *See White Budd Van Ness P'ship v. Major-Gladys Drive Joint Venture*, 811 S.W.2d 541, 541 (Tex. 1991) (order) (striking an application for writ of error for failure to comply with page limits); *Meyer v. State*, 310 S.W.3d 24, 25–26 (Tex. App.—Texarkana 2010, no pet.) (striking a 253-page brief and dismissing the appeal).

Appellant's amended brief flagrantly violates the Texas Rules of Appellate Procedure and fails to comply with our October 25, 2016 order.  *See* TEX. R. APP. P. 42.3; *White Budd Van Ness P'ship*, 811 S.W.2d at 541; *Meyer*, 310 S.W.3d at 25–26.  As we warned Appellant we would do if his amended brief did not comply with the Rules and our October 25, 2016 order, we strike Appellant's amended brief, prohibit him from filing another brief in this appeal, and dismiss this appeal for want of prosecution.  *See* TEX. R. APP. P. 9.4(i)(2), 38.8(a)(1), 38.9(a), 42.3(b). Appellees' November 29, 2016 motion to strike Appellant's second amended brief on motion for extension of time to file Appellees' brief is moot.  Appellant's December 1, 2016 motion is denied.

PER CURIAM