

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00433-CV

**IN THE INTEREST OF I.I.C.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI23702
Honorable Laura Salinas, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed: December 5, 2018

DISMISSED FOR WANT OF PROSECUTION

Appellant Martin Chukwumah appeals from the trial court's order granting a final decree of divorce. Appellant, who is not an attorney, is representing himself in this appeal.

Because Appellant twice failed to file a brief that complies with the Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution.

### APPELLANT'S ORIGINAL BRIEF

On August 20, 2018, Appellant filed a pro se brief. Appellant's handwritten, four-page brief merely recited alleged facts pertaining to his ex-wife; it closed with a request for an injunction against his ex-wife and a prayer for general relief.

On August 30, 2018, we advised Appellant that his brief did not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. We noted his brief did not

include the following: Identity of Parties and Counsel, Table of Contents, Index of Authorities, Statement of the Case, Issues Presented, Summary of the Argument, Argument, or an Appendix (that complied with the Rules). *See id.* R. 9.4, 9.5, 38.1.

We also warned Appellant of additional defects in the brief. No part of the brief contained any citations to the record. *Contra id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The brief must contain . . . appropriate citations . . . to the record."). The three pages of the brief that might be construed as a statement of facts recited alleged facts and complaints, but the brief did not state how the trial court erred or on what legal basis this court should reverse the trial court's judgment. *Contra id.* ("The brief must contain a clear and concise argument for the contentions made . . . .").

We struck Appellant's brief and ordered Appellant to file an amended brief that corrected all the violations we noted and fully complied with the applicable rules. *See, e.g.*, *id.* R. 9.4, 9.5, 38.1. We warned Appellant that if the amended brief did not comply with our order, we could "strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss an appeal if an appellant fails to timely file a brief).

## APPELLANT'S AMENDED BRIEF

On October 29, 2018, Appellant filed an amended brief. The amended brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1.

The handwritten, thirty-eight-page brief contains a Table of Contents, an Introduction, and an Index of Authorities. However, it does not contain an Identity of Parties and Counsel, Statement of the Case, Issues Presented, Summary of the Argument, Argument, or an Appendix (that complies with the Rules). *See id.* R. 9.4, 9.5, 38.1. Like the original brief, no part of the brief contains any citations to the record. *Contra id.* R. 38.1(g) ("The statement [of facts] must be

supported by record references."); *id.* R. 38.1(i) ("The brief must contain . . . appropriate citations . . . to the record."). The amended brief recites alleged facts and complaints, and it asserts the trial court erred in denying his demand for a jury. But Appellant's brief does not cite to the record to show he requested a jury trial, does not cite to the record to show he objected to a bench trial, or otherwise present any legal argument supporting his contentions. *Contra id.*

The brief includes some citations to cases, but the citations refer to general statements of the law rather than "clear and concise arguments for the contentions made." *Contra id.*

Throughout, the brief recites conclusory complaints, but it does not present clear and concise arguments, with appropriate citations to authorities and the record, for this court to reverse the trial court's judgment, *contra id.*, and we may not create Appellant's arguments for him, *see Meyer v. State*, 310 S.W.3d 24, 26 (Tex. App.—Texarkana 2010, no pet.) ("We do not, and cannot, create arguments for parties—we are neither the appellant's nor the appellee's advocate.").

Appellant's amended brief does not present anything for appellate review.

### CONCLUSION

Appellant has twice failed to submit a brief that complies with the Texas Rules of Appellate Procedure. Even with his amended brief, Appellant has presented nothing for this court to review. Appellee's motion to strike Appellant's brief is granted. We strike Appellant's amended brief, prohibit him from filing another, and dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 9.4, 38.8(a)(1), 38.9(a), 42.3(b),(c).

PER CURIAM