

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00799-CV

**IN THE INTEREST OF B.R.W.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-11037
Honorable Mary Lou Alvarez, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed: April 1, 2020

DISMISSED FOR WANT OF PROSECUTION

In this child support enforcement case, Appellant D.M.W. appeals from the trial court's order holding Appellant in contempt for failure to pay child support and awarding Appellee back child support and interest. Appellant, who is not an attorney, is representing himself in this appeal.

Because Appellant twice failed to file a brief that complies with the Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution.

### APPELLANT'S ORIGINAL BRIEF

After D.M.W. filed his original brief, on February 21, 2020, we advised him that his brief did not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. We advised D.M.W. that his brief omitted the following:

- Table of Contents (that complies with the Rules),
- Index of Authorities,
- Statement of Facts (that complies with the Rules),
- Summary of the Argument,
- Argument,
- an Appendix (that complies with the Rules), or
- Certificate of Compliance.

*See id.* R. 9.4, 9.5, 38.1.  We also advised D.M.W. that his brief had these additional defects:

- No part of the brief contains any citations to the record.  *Contra id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The brief must contain . . . appropriate citations . . . to the record.").

- The portions of the brief that may be construed as a statement of facts recite alleged facts and complaints, but the brief does not state how the trial court erred or present any legal arguments, with appropriate citations to authorities and the record, to present any legal basis for this court to reverse the trial court's judgment.  *Contra* TEX. R. APP. P. 38.1(i).

- The brief does not recite the standard of review and it contains no citations to statutes, rules, or case law.  *Contra id.* (requiring "appropriate citations to authorities").

We advised D.M.W. that his brief did not present anything for appellate review, and we struck his brief.  We ordered D.M.W. to file an amended brief that corrected all the violations listed above and fully complied with the applicable rules.  *See, e.g.*, *id.* R. 9.4, 9.5, 38.1.

We warned D.M.W. that if the amended brief did not comply with our February 21, 2020 order, we could "strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief."  *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss an appeal if an appellant fails to timely file a brief).

**APPELLANT'S AMENDED BRIEF**

D.M.W. timely filed an amended brief, but it does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 38.1.

Like the original brief, no part of the brief contains any citations to the record.  *Contra id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i)

("The brief must contain . . . appropriate citations . . . to the record."). The amended brief recites alleged facts and complaints, argues the trial court should not have awarded as much child support as it did, and asserts ineffective assistance of trial counsel.

The brief includes some citations to civil rules, i.e., TEX. R. CIV. P. 296, 324, 329b, but the brief does not explain how the rules apply, how the trial court violated any rule, or otherwise present "clear and concise arguments for the contentions made." *Contra* TEX. R. APP. P. 38.1.

Throughout the brief, D.M.W. recites conclusory complaints, but the brief does not present clear and concise arguments, with appropriate citations to authorities and the record, for this court to reverse the trial court's judgment, *contra id.*, and we may not create D.M.W.'s arguments for him, *see Meyer v. State*, 310 S.W.3d 24, 26 (Tex. App.—Texarkana 2010, no pet.) ("We do not, and cannot, create arguments for parties—we are neither the appellant's nor the appellee's advocate.").

D.M.W.'s amended brief does not present anything for appellate review.

## CONCLUSION

D.M.W. has twice failed to submit a brief that complies with the Texas Rules of Appellate Procedure. Even with his amended brief, D.M.W. has presented nothing for this court to review.

We strike D.M.W.'s amended brief, prohibit him from filing another, and dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 9.4, 38.8(a)(1), 38.9(a), 42.3(b),(c).

PER CURIAM