

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00150-CV

Dora M. **SOLIS**,
Appellant

v.

Juan Carlos **ALMONACI** and Yolanda Almonaci,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-00999
Honorable Michael E. Mery, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: August 11, 2021

AFFIRMED

This appeal arises from a dispute over the ownership of a house in San Antonio, Texas. The trial court granted a declaratory judgment in favor of Appellees Juan Carlos Almonaci and Yolanda Almonaci and against Appellant Dora M. Solis. Solis appealed, but because her brief failed to present any legal arguments, we affirm the trial court's judgment.

### BACKGROUND

In 2005, Juan Carlos Almonaci and Yolanda Almonaci purchased a house from Dora M. Solis. Solis conveyed the property to the Almonacis via a warranty deed with vendor's lien, and

Solis lent the purchase money to the Almonacis. When a dispute arose between the Almonacis and Solis over the payments and occupancy of the house, the Almonacis sought a declaratory judgment against Solis. After a bench trial, the trial court awarded the Almonacis damages, costs, attorney's fees, and interest against Solis. Solis appealed, representing herself, and she filed a pro se brief which we now consider. We begin by reviewing the applicable law.

## APPLICABLE LAW

"A pro se litigant is held to the same standards as a licensed attorney and, therefore, must comply with all applicable procedural rules, including Rule 38.1 of the Texas Rules of Appellate Procedure." *Valent v. Firstmark Credit Union*, No. 04-19-00687-CV, 2020 WL 1159057, at *1 (Tex. App.—San Antonio Mar. 11, 2020, no pet.) (mem. op.); *accord Kehoe v. Kendall Cty.*, No. 04-19-00825-CV, 2020 WL 4045991, at *1 (Tex. App.—San Antonio July 15, 2020, no pet.) (mem. op.); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.).

"The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (citing TEX. R. APP. P. 38.1(i)); *accord Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). "A brief in the court of appeals 'must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015) (quoting TEX. R. APP. P. 38.1(i)); *accord ERI Consulting Eng'rs*, 318 S.W.3d at 880.

"Although we must construe briefing requirements liberally and reasonably, parties asserting error on appeal must put forth some specific argument and analysis showing the record and the law support their contentions." *Lowry v. Tarbox*, 537 S.W.3d 599, 619 (Tex. App.—San

Antonio 2017, pet. denied) (citing *Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 783–84 (Tex. App.—Dallas 2013, no pet.)).

As an appellate court, "[w]e do not, and cannot, create arguments for parties—we are neither the appellant's nor the appellee's advocate." *Meyer v. State*, 310 S.W.3d 24, 26 (Tex. App.—Texarkana 2010, no pet.); *accord Canton-Carter*, 271 S.W.3d at 931 (warning that appellate courts may not construct an argument for an appellant because "[t]o do so would force [the] court to stray from [its] role as a neutral adjudicator and become an advocate for appellant").

A brief that does not provide "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record," TEX. R. APP. P. 38.1(i), fails to present a legal argument for appellate review, *Miears v. McPherson*, No. 04-17-00514-CV, 2019 WL 208584, at *5 (Tex. App.—San Antonio Jan. 16, 2019, pet. denied) (mem. op.); *see RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018).

### APPELLANT'S BRIEF

To obtain appellate review, Solis's burden was to present legal arguments, supported by appropriate legal authorities, based on facts in the record, as shown by appropriate citations to the record. *See* TEX. R. APP. P. 38.1(i) (requiring "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Canton-Carter*, 271 S.W.3d at 931. Solis's brief includes sections matching the subparagraphs in Rule 38.1, e.g., Statement of the Case, Issues Presented, Summary of the Argument, and Argument, but most of the sections do not comply with the Rule. *See* TEX. R. APP. P. 38.1; *Canton-Carter*, 271 S.W.3d at 931.

Most importantly, nowhere in her brief does Solis state how the trial court erred in rendering judgment against her nor does she provide appropriate citations to the applicable law and facts that support her complaint. *Contra* TEX. R. APP. P. 38.1; *Canton-Carter*, 271 S.W.3d at 931; *see also Bolling*, 315 S.W.3d at 895 (noting that the Rules "require appellants to state

concisely the complaint they may have, provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with record references that are appropriate").

In her two-paragraph argument section, Solis refers to the Equal Protection Clause and ostensibly quotes (without a citation) a well-known jurist and legal scholar. Considering these statements together with the rest of her brief, we conclude Solis is complaining that she was denied the opportunity to speak at trial. But without identifying specific examples of how the trial court denied her the right to speak and providing citations to authorities and the record that support her assertions, Solis's complaints are merely her opinions, not legal arguments. *See Bolling*, 315 S.W.3d at 897; *cf. Lowry*, 537 S.W.3d at 620 ("When appellants fail to discuss the evidence supporting their claim or apply the law to the facts, they present nothing for review.").

Solis's brief failed to present legal arguments, and we may not create or support Solis's arguments for her. *See Jones v. Hous. Auth. of the City of Dall., Tex. Park Manor*, No. 05-19-00841-CV, 2020 WL 3118615, at *1 (Tex. App.—Dallas June 12, 2020, no pet.) (mem. op.) ("We also 'know of no authority obligating us to become advocates for a particular litigant through performing their research and developing their argument for them.'" (quoting *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.))); *Meyer*, 310 S.W.3d at 26; *Canton-Carter*, 271 S.W.3d at 931.

Solis's brief has failed to present anything for appellate review. *See Bolling*, 315 S.W.3d at 897 ("Without adequate briefing, [Appellant's] claim is nothing more than a personal opinion. As such, it is not entitled to judicial review.").

## CONCLUSION

To obtain appellate review, Solis's brief was required to present clear, concise arguments supported by appropriate citations to relevant authorities and the record. Because Solis's brief

presents mere complaints—which do not form legal arguments—she has presented nothing for review.  Therefore, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice