Alicia NABEJAS and Ruben
Nabejas, Appellants,

v.

TEXAS DEPARTMENT OF PUBLIC
SAFETY and Officer Martin Dellert, in
his official capacity as Department of
Public Safety Officer, and in his individ-
ual capacity, Appellees.

No. 13–96–471–CV.

Court of Appeals of Texas,
Corpus Christi.

June 18, 1998.

Raymond L. Gill, San Juan, for Appellants.

Seth Byron Dennis, Dan Morales, Jorge
Vega, First Asst. Atty. Gen., Drew T. Dur-
ham, Deputy Atty., Gen. for Crim. Justice,
Ann Kraatz, Asst. Atty. Gen., Chief, Law
Enforcement Defense Div., Austin, for Ap-
pellees.

Before DORSEY, YANEZ, and
RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Appellants, Alicia Nabejas and Ruben Nabejas, appeal the trial court's summary judgment in favor of the Texas Department of Public Safety ("DPS") and Officer Martin Dellert. We dismiss in part and reverse and remand in part.

While working routine patrol on April 23, 1994, Officer Dellert stopped appellants' vehicle for speeding. The vehicle was occupied by appellants and four family members. Appellants did not speak or understand English. Officer Dellert did not speak Spanish. During the course of the stop, Officer Dellert searched under and around the driver's seat area and, by "motioning," sought consent to search: (1) the glove box, (2) two women's purses, (3) the driver's wallet, and (4) the trunk. Officer Dellert did not have a warrant or probable cause to conduct the searches, but proceeded to do so after Nabejas failed to object.[1] Officer Dellert also searched under the vehicle and knocked on the gas tank. Although the Nabejases were cooperative during the stop, Officer Dellert was verbally abusive towards them—raising his voice and telling them to "shut up" repeatedly. Additionally, he asked a child, the only individual in the vehicle with a good comprehension of English, about drugs that his father might be transporting. When Alicia Nabejas asked Officer Dellert not to question the children about drugs, she was also told to "shut up."

No property was confiscated. Ruben Nabejas was given a written warning for speeding and released.

In their single point of error, appellants complain the trial court abused its discretion in granting appellees' motion for summary judgment as to their request for a permanent injunction under article 1, sections 9 and 19 of the Texas Constitution.

◼ When a party seeks to enjoin the activities of a state agency, it must sue an individual in authority at the agency and not the agency itself. *Dillard v. Austin Indep.*

Sch. Dist., 806 S.W.2d 589, 592 (Tex.App.—Austin 1991, writ denied); *Bagg v. Univ. of Tex. Med. Branch,* 726 S.W.2d 582, 585 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). In this case, appellants brought suit against the DPS directly and not against a person in authority at the state agency. Accordingly, the trial court lacked jurisdiction with regard to appellants' suit against the DPS. Because our jurisdiction "extends no further than that of the court from which the appeal is taken," we lack jurisdiction to address appellants' cause of action against the DPS. *Dallas County Appraisal Dist. v. Funds Recovery, Inc.,* 887 S.W.2d 465, 471 (Tex.App.—Dallas 1994, writ denied) (citing *Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935, 938 (Tex.1958)). We, therefore, must dismiss appellants' point of error as to the DPS for want of jurisdiction. We next address appellants' point of error as it applies to Officer Dellert.

◼ In a summary judgment case, the issue on appeal is whether the movant has proved there exists no genuine issue of material fact. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). We view the evidence in the light most favorable to the nonmovant and resolve all conflicts in the evidence in their favor. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). The summary judgment will be affirmed only if the record establishes the movant has conclusively proved all essential elements of its cause of action or defense. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

◼ In reviewing a trial court's grant of summary judgment as to a permanent injunction, this Court will only reverse the trial court if it clearly abused its discretion. *Morris v. Collins,* 881 S.W.2d 138, 139 (Tex. App.—Houston [1st Dist.] 1994, writ denied). On appeal, Dellert asserts summary judgment was proper because appellants failed to properly plead facts that, if proved, would establish liability. Under the proper set of circumstances, summary judgment may be granted upon deficient pleadings. *See Salm-*

---

1. We do not decide the issue of whether the searches conducted by Officer Dellert were permissible under the Texas or United States Constitutions.

on v. Miller, 958 S.W.2d 424, 428 (Tex.App.—Texarkana 1997, writ denied) (citing *Washington v. City of Houston*, 874 S.W.2d 791, 794 (Tex.App.—Texarkana 1994, no writ); *Eckman v. Centennial Sav. Bank*, 757 S.W.2d 392, 398 (Tex.App.—Dallas 1988, writ denied)). However, in this case, Dellert did not allege in his summary judgment motion that appellants' pleadings were insufficient. Instead, he argued he was entitled to summary judgment because an injunction is not a remedy afforded against individual state agents for violations of Texas constitutional rights. Therefore, irrespective of whether appellants properly pleaded a cause of action for injunctive relief, we may only affirm the trial court's granting of summary judgment if an injunction is not a possible remedy under the Texas Constitution. *See* TEX.R.CIV.P. 166a(c) (noting that summary judgment "issues not expressly presented to the trial court by written motion shall not be considered on appeal"); *Travis v. City of Mesquite*, 830 S.W.2d 94, 99–100 (Tex.1992).

In *City of Beaumont v. Bouillion*, the Texas Supreme Court held that suits for equitable remedies are proper for violations of the Texas Constitution. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex.1995). In fact, the court suggested injunctive relief as an example of such an equitable remedy. *Id.; see City of Alamo v. Montes*, 904 S.W.2d 727, 734 (Tex.App.—Corpus Christi 1995, writ dism'd); *see also O'Bryant v. City of Midland*, 949 S.W.2d 406, 413 (Tex.App.—Austin 1997, writ granted). We find the *Bouillion* court's holding dispositive. Accordingly, the trial court erred in granting summary judgment on the basis that an injunction is not a possible remedy for violations of the Texas Constitution. Appellants' sole point of error is sustained as to Dellert.

This appeal is DISMISSED as to the DPS and the judgment of the trial court is REVERSED and the cause REMANDED as to Dellert.