NUMBER 13-99-596-CV




COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


NORMAN L. DANIELS, JR.
, Appellant,


v.



STACI L. DANIELS
, Appellee.

___________________________________________________________________


On appeal from the 28th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Castillo, and Kennedy(1)


Opinion by Justice Castillo




 Appellant Norman Daniels, Jr. and appellee Staci Daniels were
divorced by a default decree entered in 1994, occasioned by
appellant's failure to file an answer. After Norman Daniels filed a
petition for bill of review, the parties executed, and the trial court
approved, an agreed clarifying order. Subsequently, Norman Daniels
filed a petition to modify the parent-child relationship, seeking
primary conservatorship of the subject children and child support. 
Staci Daniels filed a motion for summary judgment, claiming that the
agreed clarifying order which appellant sought to modify was void. 
The trial court granted the motion for summary judgment and
dismissed the petition to modify. From that judgment, Norman
Daniels appeals. We dismiss for want of jurisdiction. 

Factual Background and Procedural History

 The present appeal involves two different cause numbers before
the 28th District Court. The original petition for divorce carried cause
number 93-3789-A, and the petition for bill of review carried cause
number 94-6894-A. To clarify the proceedings below, we detail the
background of both cases. 

I. The Divorce Petition and Decree ­ Cause Number 93-3789-A

On June 30, 1993, Staci Daniels filed a divorce petition, which
was docketed as cause number 93-3789-A. On March 23, 1994, the
trial court entered a final default decree of divorce, naming Staci
Daniels sole managing conservator of the children, ordering child
support in the amount of $735 monthly, and awarding her the real
property of the community estate. On April 4, 1994, Norman Daniels
filed a motion to reform the judgment but he did not obtain the trial
court's ruling thereon. 

II. The Bill of Review ­ Cause Number 94-6894-A

On November 15, 1994, Norman Daniels filed an original
petition for bill of review, claiming that the default judgment was
wrongfully obtained by the fraudulent acts of Staci Daniels and her
attorney. The petition was docketed under cause number 94-6894-A. On March 29, 1995, Staci Daniels, pro se, and Norman Daniels,
represented by the same counsel who filed the bill of review, signed
a document entitled "Agreed Clarifying Order of Final Divorce
Decree." The agreement "altered the terms and conditions" of the
default decree and contained the provision that "the prior decree
remain[ed] the same where terms and conditions are
unamended/unaltered." The document named the parties joint
managing conservators, deleted the child support requirement, and
awarded the real property of the community estate to Staci Daniels
with the provision that, should she sell it, $20,000 would be placed
in a trust to benefit the children. A visiting judge approved and
entered the parties' agreement on the same day. 

The Agreed Clarifying Order reflects the style of the original
divorce decree and a cause number, which corresponds with neither
the original divorce action nor the bill of review action. The incorrect
cause number is marked out and above it remains a handwritten
number corresponding to the bill of review case number. 



III. The Petition to Modify ­ Cause Number 94-6894-A

 On November 25, 1998, under the bill of review cause number,
Norman Daniels filed a petition to modify the Agreed Clarifying Order
seeking primary conservatorship of the children and child support. 
On December 17, 1998, Staci Daniels filed a general answer in the
same cause number. On January 29, 1999, under both the divorce
and bill of review cause numbers, she filed a first amended answer
asserting that the Agreed Clarifying Order was void and not subject
to modification. She further urged that the default divorce decree
was the valid decree. On the same date, in both cause numbers,
Staci Daniels filed a supplement to her first amended answer
seeking, in the alternative, enforcement of the default divorce
decree's requirement that Norman Daniels pay $735.00 a month in
child support.(2) On March 11, 1999, Staci Daniels filed an original
answer to the bill of review under the bill of review cause number. 
She did not file a motion for summary judgment under the bill of
review cause number.

IV. The Motion for Summary Judgment ­ Cause Number 93-3789-A

On June 14, 1999, under the default divorce cause number,
Staci Daniels filed a motion for summary judgment, claiming that the
Agreed Clarifying Order, which Norman Daniels sought to modify,
was not a viable clarification order, post bill of review order, or a
modification order and hence had no legal effect. The motion
requested that the trial court find that Norman Daniels had "no viable
cause of action based upon his pleadings" since the order he sought
to modify "is void or a legal nullity." The motion further requested
that the trial court declare the Agreed Clarifying Order "as void or
legally null and render Petitioner's pleadings moot." 

On June 25, 1999, the trial court called the motion for hearing
as filed under the default divorce number. At the conclusion of the
hearing, the trial court granted the motion for summary judgment
under both cause numbers. The trial court found that the Agreed
Clarifying Order was a void order, vacated it and vacated all orders
that devolved from it. The trial court further found that the default
divorce decree was the valid order, that Norman Daniels' petition to
modify was moot since it sought to modify a void order, and
dismissed the petition with prejudice. Although the summary
judgment as signed bears both cause numbers, it appears solely in
the docket entry of the default divorce.(3) 

Norman Daniels filed a notice of appeal of the summary
judgment in both cause numbers. For purposes of this appeal, we
treat both trial court cause numbers under one appellate cause
number.

Jurisdiction

 The question this court must first consider is our own
jurisdiction to hear this appeal. Because the question of jurisdiction
is a legal question, we review the trial court's action under a de novo
standard. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928
(Tex. 1998). 

While requesting relief, Norman Daniels notes that his appeal
may be premature and interlocutory because the summary judgment
did not dispose of all issues before the court. Staci Daniels argues
that the summary judgment is a final appealable judgment and that
we have jurisdiction. We do not reach the question of the finality of
the summary judgment.(4) We find that the trial court had no
jurisdiction to enter the summary judgment and, because our
jurisdiction extends no further than that of the court from which the
appeal is taken, we have no jurisdiction to consider an appeal of that
judgment. Nabejas v. Texas Dept. of Public Safety, 972 S.W.2d 875,
876 (Tex. App. ­ Corpus Christi 1998, no pet.). 

 The record before us shows that no motion was filed nor any
order entered to consolidate the cases. Tex. R. Civ. P. 174. There is
no dispute that both cases were filed with the court of continuing
jurisdiction. In a divorce action which includes a suit affecting the
parent-child relationship (SAPCR), the trial court acquires and retains
continuing, exclusive jurisdiction over matters related to the suit after
it has rendered a final order. Tex. Fam. Code Ann. §§155.001,
155.002, 155.003 (Vernon Supp. 2001). In a SAPCR, the trial court in
subsequent proceedings has jurisdiction to modify its order upon the
filing of a proper motion. Tex. Fam. Code Ann. §§155.003,
156.001,156.004 (Vernon 1996).

 Here, Norman Daniels filed his petition to modify the Agreed
Clarifying Order in the bill of review case. He did not file a petition to
modify in the default divorce case. Staci Daniels, however, filed her
motion for summary judgment in the default divorce case and not in
the bill of review case. At the time appellee filed her motion for
summary judgment, no live pleading existed in the default divorce
case. The trial court entered summary judgment in both the bill of
review case and the default divorce case.

A trial court may not grant a motion for summary judgment in a
case where no motion for summary judgment was ever filed. See
Cockrell v. Central Savings and Loan, 788 S.W.2d 221, 224 (Tex.
App. ­ Dallas 1990, no writ). Accordingly, the trial court had no
authority to enter a summary judgment against Norman Daniels in
the bill of review cause number, absent a proper motion for summary
judgment in the appropriate case. 

The trial court also had no authority to enter a summary
judgment in the default divorce case since no live pleading existed in
that case urging a cause of action from which a judgment could be
taken. A pleading, by definition, determines the issues to be tried. 
Erisman v. Thompson, 167 S.W.2d 731, 733 (Tex. 1943). There
must be some pleading pending against which a summary judgment
can be granted. Granado v. Madsen, 729 S.W.2d 866, 870 (Tex.
App. ­ Houston [14th] 1987, writ ref'd. n.r.e.) (summary judgment
order in case where there were no live pleadings and thus no cause
of action against which summary judgment could be granted was a
nullity and of no effect); Seber v. Glass, 258 S.W.2d 122, 124 (Tex.
Civ. App. ­ Fort Worth 1958, no writ) (where appellee filed no
pleadings seeking affirmative relief, trial court was wholly without
jurisdiction as to parties or subject matter and purported order
granting affirmative relief was void). Where there is no pleading,
there can be no judgment. Cunningham v. Parkdale Bank, 660
S.W.2d 810, 813 (Tex. 1983). 

The trial court entered a summary judgment against the petition
to modify filed in the bill of review case although the motion for
summary judgment was filed in the default divorce case. As there
was no petition to modify, or any other pleading, pending before the
trial court in the default divorce case, there was no pleading to
support the granting of the summary judgment there. The trial court
simply lacked jurisdiction to enter summary judgment in either case. 
The summary judgment entered in each case is void. We have no
jurisdiction over void orders. Nabejas, 972 S.W.2d at 876. 
Accordingly, we dismiss for want of jurisdiction. 

 

 ERRLINDA CASTILLO

 Justice


Publish.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 19th day of April, 2001.


 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. 
[2] There is no evidence in the record that Staci Daniels followed the
procedural requisites statutorily mandated for a motion for enforcement
of child support. See Tex. Fam. Code §§157.001-157.426 (Vernon 1996
& Supp. 2001); Tex. R. Civ. P. 308a. 
3. 
[3] In suits affecting the parent-child relationship, the legislature has
provided that rendition of judgment may be accomplished by a docket
notation. Tex. Fam. Code 101.026 (Vernon 1996).
4. 
[4] We also do not reach the question of whether the Agreed Clarifying
Order fell within the purview of Tex. Fam. Code Ann.§§ 153.007 and
154.124 (Vernon 1996).