Robert Wayne JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–04–00130–CR.

Court of Appeals of Texas,
Waco.

May 25, 2005.

John M. Barron, Jr., Cedar Creek, pro se.

James M. Kuboviak, Brazos County Dist. Atty., Bryan, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Robert Wayne Johnson of misdemeanor theft. The court sentenced Johnson to 365 days' confinement, suspended imposition of sentence, and placed him on community supervision for two years. Johnson perfected this appeal *pro se.*

This Court abated Johnson's appeal for an indigence hearing. The trial court determined that Johnson is not indigent. Accordingly, Johnson was directed to pay the court reporter's fee for preparation of the reporter's record. The Clerk of this Court notified Johnson that he must pay the reporter's fee or the appeal would be submitted on the clerk's record alone. Despite being given ample opportunity to do so, Johnson did not pay the fee, and the Clerk notified him that the appeal would be submitted on the clerk's record alone. *See* TEX.R.APP. P. 37.3(c).

The Clerk then notified Johnson that his brief was due within thirty days. After this deadline passed, the Clerk notified Johnson that his brief must be filed within fourteen days or the appeal may be considered without briefs or dismissed for abuse of the judicial process. *See Lott v. State,* 874 S.W.2d 687, 688 (Tex.Crim.App.1994); *Peralta v. State,* 82 S.W.3d 724, 725 (Tex. App.-Waco 2002, no pet.); *see also Brager v. State,* No. 0365–03, 2004 WL 3093237, at *3 (Tex.Crim.App. Oct.13, 2004) (not designated for publication). After this deadline passed, Johnson was given an additional thirty days to file his brief. Nevertheless, Johnson has failed to file a brief.

Although this appeal has been pending for nearly twelve months, this Court has not received a single pleading or piece of correspondence from Johnson. Under these circumstances, we conclude that Johnson filed this appeal only for purposes of delay. *See Peralta,* 82 S.W.3d at 725; *see also Brager,* 2004 WL 3093237 at *1–3. Thus, we find "that appellant has engaged in dilatory and bad-faith abuse of the judicial process rather than seriously pursuing his appeal." *Brager,* 2004 WL 3093237, at *3; *see also Peralta,* 82 S.W.3d at 725.

Accordingly, we dismiss the appeal.