NUMBER 13-05-495-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

TEXAS DEPARTMENT OF CRIMINAL

JUSTICE-CORRECTIONAL 

INSTITUTIONAL DIVISION,                                                            Appellant,

 

                                                             v.                                

 

DAVID G. MARTINEZ,                                                           Appellee.

 

         On
appeal from the 156th District Court of Bee County, Texas.

 

 

                               MEMORANDUM
OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Garza

                            Memorandum
Opinion by Justice Garza           

 








David Martinez, an inmate, filed a pro se suit
against the Texas Department of Criminal JusticeBCorrectional
Institution Division (ATDCJ@) and Boyd Distribution Center, the prison
commissary, seeking injunctive relief requiring the TDCJ and Boyd to service
and repair his word processor.  In
addition, Martinez sought damages for breach of contract, violation of the
Texas Deceptive Trade Practices Act, loss of use of the word processor, and
mental suffering and anguish.  The TDCJ
filed a plea to the jurisdiction asserting sovereign immunity.  The trial court granted the TDCJ=s plea to the jurisdiction in part, dismissing all
Martinez=s claims for monetary damages.  The trial court denied the TDCJ=s plea to the jurisdiction with respect to Martinez=s claim for injunctive relief.  The TDCJ now argues that the trial court
erred by failing to grant the plea to the jurisdiction in its entirety.  

The TDCJ concedes that sovereign immunity does not
preclude a party from seeking equitable relief, such as a declaration of rights
and injunctive relief.  See Denson
v. TDCJ‑ID, 63 S.W.3d 454, 460 (Tex. App.BTyler 1999, pet. denied).  According to the TDCJ, the trial court should
have granted its plea to the jurisdiction in its entirety because Martinez
failed to name an individual in authority at the TDCJ as a defendant.    

As this Court has explained, in noncriminal matters,
if a party seeks to enjoin the activities of a state agency,  the party must sue an individual in authority
at the agency and not only the agency itself. 
See Nabejas v. Tex. Dep't of Pub. Safety, 972 S.W.2d 875, 876
(Tex. App.BCorpus Christi 1998, no pet.); see also Robinson
v. Jefferson County, 37 S.W.3d 503, 511 (Tex. App.BTexarkana 2001, no pet.).  Martinez=s failure to name an individual in authority at the
TDCJ necessarily precludes the trial court=s jurisdiction over his claim for injunctive relief.   See Nabejas, 972 S.W.2d at 876.  








Nevertheless, we have previously noted, AOnly where the court can see from the allegations of
a pleading that, even by amendment, no cause of action can be stated consistent
with the facts alleged that it can be said that the court is without
jurisdiction.@  Ramirez
v. Lyford Consol. Indep. Sch. Dist., 900 S.W.2d 902, 906 (Tex. App.CCorpus Christi 1995, no writ) (citing Bybee v.
Fireman's Fund Ins. Co., 331 S.W.2d 910, 917 (Tex. 1960)).  If a petition fails to establish jurisdictional
facts but does not demonstrate incurable defects, the party is to be given an
opportunity to amend its petition.  County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); City of Alton v.
Sharyland Water Supply Corp., 145 S.W.3d 673, 680 (Tex. App.CCorpus Christi 2004, no pet.).             

We believe the defect in Martinez=s petition could be cured by a timely amendment
adding as a defendant the appropriate individual in authority at the TDCJ.  Accordingly, we reverse the trial court=s order denying in part the TDCJ=s plea to the jurisdiction and remand so that
Martinez can have an opportunity to amend his petition. 

 

 

________________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 6th day of January, 2006.