

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-15-00433-CR

## IN RE CHRISTOPHER K. SCHMOTZER

---

## Original Proceeding

---

## MEMORANDUM OPINION

---

Christopher Schmotzer presented a document which he called a "Statement of Judicial Notice" to the Court for filing. Because of the statement in the document that he had "no other remedy at law, and has no power to force the trial court to obey or compel adherence to the law," we filed the document as a petition for writ of mandamus[1] on December 8, 2015.

With regard to the propriety of the filing of the document, within the document filed by Schmotzer, he states:

---

[1] As such, it has numerous procedural deficiencies. It lacks proof of service. A copy of all documents presented to this Court must be served on **all** parties (*i.e.,* the district attorney, as real party in interest, **and** the trial court, as respondent) and must contain proof of service. TEX. R. APP. P. 9.5, 52.2. Further, it lacks an appendix and a record, *id*. 52.3(k), 52.7, and it does not include the certification required by Rule 52.3(j). *Id*. 52.3(j). To expedite this matter, we implement Rule of Appellate Procedure 2 to suspend these requirements. *Id*. 2.

"I don't know if it is even proper, however, I could not find anything in the CCP or TRAP that prohibits it."

Our jurisdiction in a criminal case is not determined by what is prohibited by law but by what is expressly authorized by law. *Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008). Without some authority that expressly gives this Court jurisdiction, we have none. Schmotzer has cited none. We are aware of none.

**CONCLUSION**

Finding we have no jurisdiction, we dismiss this proceeding.

**WARNING**

Further, we find Schmotzer's filing to be totally without basis in law and as such is completely frivolous. Schmotzer is warned that further filings of this nature could be considered an abuse of the judicial process for which he could be sanctioned. *See e.g. Johnson v. State*, 166 S.W.3d 372 (Tex. App.—Waco 2005, no pet.) (appeal dismissed for abuse of judicial process). *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 46-50, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991) (exploring the scope of the inherent power of a federal court to sanction a litigant for bad-faith conduct); *Ex parte Sledge*, 391 S.W.3d 104, 111 (Tex. Crim. App. 2013) (*citing* TEX. CODE CRIM. PROC. ANN. art. 11.07, sec. 4 (West 2015) (abuse of writ doctrine)).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Justice Davis concurs without an opinion)
Petition dismissed
Opinion delivered and filed December 23, 2015
Do not publish
[OT06]

