

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00004-CV

**LOWELL QUINCY GREEN,**

                                                 **Appellant**

 **v.**

**HONORABLE MATT JOHNSON, CITY OF WACO,
DECTECTIVE MANUEL CHAVEZ, OFFICER JASON DAVIS,
OFFICER ERIN NEWTON, OFFICER CRAIG STONE,
DA ABEL REYNA, BRANDON LUCE,
AND LAWRENCE E. JOHNSON,**

                                                 **Appellees**

---

**From the
McLennan County, Texas
Trial Court No.**

---

## MEMORANDUM OPINION

---

On January 9, 2017, Lowell Quincy Green filed in this Court an original petition under Title 42, Section 1983 of the United States Code against Judge Matt Johnson of the 54th Judicial District Court; the City of Waco; Waco Police Detective Manuel Chavez; Waco Police Officers Jason Davis, Erin Newton, and Craig Stone; McLennan County

District Attorney Abel Reyna; Assistant Prosecutor Brandon Luce; and Public Defender Lawrence E. Johnson. On January 26, 2017, we notified Green of our concern that we lack jurisdiction over this appeal because it appears that there is no final judgment or appealable order in this case. We requested a response from Green showing grounds for continuing the appeal. Green has not responded to our letter.

Only final decisions of a trial court are appealable. *Gregory v. Foster*, 35 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)). Indeed, the Texas Supreme Court has held that an appeal may be taken only from a final judgment and certain interlocutory orders identified by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Macon v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 10-10-00150-CV, 2012 Tex. App. LEXIS 4207, at **2-3 (Tex. App.—Waco May 23, 2012, no pet.) (mem. op.) ("Unless an interlocutory appeal is expressly authorized by statute, we only have jurisdiction over an appeal taken from a final judgment.").

Based on our review of the record in this matter, Green is not attempting to appeal from a final, appealable order. Rather, Green has filed a new original petition asserting Section 1983 claims against the aforementioned parties in this Court. We lack jurisdiction over such a filing. *See Lehmann*, 39 S.W.3d at 195; *Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.) ("Appellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken." (citing *Nabejas*

*v. Tex. Dep't of Pub. Safety*, 972 S.W.2d 875, 876 (Tex. App.—Corpus Christi 1998, no pet.)); *see also Macon*, 20102 Tex. App. LEXIS 4207, at **2-3. Therefore, because there is no final judgment or appealable, interlocutory order, we dismiss this matter for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *Lehmann*, 39 S.W.3d at 195; *see also Macon*, 2012 Tex. App. LEXIS 4207, at **2-3.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51,208, 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed
Opinion delivered and filed March 15, 2017
[CV06]

