

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00056-CV

**LOWELL QUINCY GREEN,**

**Appellant**

**v.**

**THE STATE OF TEXAS, ET AL,**

**Appellees**

**From the 414th District Court
McLennan County, Texas
Trial Court No. 2012-709-C2**

## MEMORANDUM OPINION

On February 12, 2019, Lowell Quincy Green filed in this Court what would be interpreted as an original petition asserting civil conspiracy and contempt claims against the State of Texas, United States Magistrate Judge Rebecca Rutherford, Susan F. San Miguel, Charles D. Olson, Abel Reyna, Brandon Luce, Landon Ramsey, Lawrence E. Johnson, Stan Schwieger, District Judge Vicki Menard, Teresa Santana, Jennifer Annie Richie, and McLennan County, Texas. On March 6, 2019, we notified Green of our

concern that we lack jurisdiction over this proceeding because it appears that Green is attempting to file an original petition and there is, therefore, no final judgment or appealable order in this case. We requested a response from Green showing grounds for continuing the proceeding. On March 19, 2019, Green filed an additional document.

## I. APPLICABLE LAW

Only final decisions of a trial court are appealable. *Gregory v. Foster*, 35 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)). Indeed, the Texas Supreme Court has held that an appeal may be taken only from a final judgment and certain interlocutory orders identified by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Macon v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 10-10-00150-CV, 2012 Tex. App. LEXIS 4207, at **2-3 (Tex. App.—Waco May 23, 2012, no pet.) (mem. op.) ("Unless an interlocutory appeal is expressly authorized by statute, we only have jurisdiction over an appeal taken from a final judgment.").

## II. DISCUSSION

Based on our review of the record in this matter, Green is not attempting to appeal from a final, appealable order.[1] Rather, Green has filed in this Court a new original petition asserting civil conspiracy and contempt claims against the parties listed above.

---

[1] Based on the content of the documents filed by Green in this proceeding, it is difficult for the Court to understand Green's arguments or to even describe or characterize the documents or their purpose.

We lack jurisdiction to adjudicate these issues. *See Lehmann*, 39 S.W.3d at 195; *Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.) ("Appellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken." (citing *Nabejas v. Tex. Dep't of Pub. Safety*, 972 S.W.2d 875, 876 (Tex. App.—Corpus Christi 1998, no pet.)); *see also Macon*, 20102 Tex. App. LEXIS 4207, at **2-3. Therefore, because there is no final judgment or appealable, interlocutory order, we dismiss this matter for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *Lehmann*, 39 S.W.3d at 195; *see also Macon*, 2012 Tex. App. LEXIS 4207, at **2-3.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51,208, 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

### III.   WARNING

Further, we find Green's filing to be totally without basis in law and, as such, is completely frivolous. Green is warned that further filings of this nature could be considered an abuse of the judicial process for which he could be sanctioned. *See Chambers v. Masco, Inc.*, 501 U.S. 32, 46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (exploring

the scope of the inherent power of a federal court to sanction a litigant for bad-faith conduct); *Ex parte Sledge*, 391 S.W.3d 104, 111 (Tex. Crim. App. 2013) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (West 2015) (describing the abuse-of-writ doctrine); *Johnson v. State*, 166 S.W.3d 372, 373 (Tex. App.—Waco 2005, no pet.) (dismissing an appeal for an abuse of judicial process); *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 446 (Tex. App.—Austin 2004, pet. denied) (noting that, even in the absence of an applicable rule or statutes, a state "court has the inherent authority to sanction parties for bad-faith abuses if it finds that to do so will 'aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity.'" (quoting *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997))); *see also Ex parte Kennedy*, No. WR-75,385-24, 2017 Tex. Crim. App. Unpub. LEXIS 142, at **1-2 (Tex. Crim. App. Feb. 15, 2017) (order) (per curiam) (concluding that Applicant abused the writ process and instructing the Clerk of the Court of Criminal Appeals to not "accept or file the instant application for a writ of habeas corpus, or any future application pertaining to this conviction unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus"); *In re Schmotzer*, No. 10-15-00433-CR, 2015 Tex. App. LEXIS 12920, at *2 (Tex. App.—Waco Dec. 23, 2015, orig. proceeding) (finding that we lack jurisdiction over a document entitled, "Statement of Judicial Notice," and warning relator that the filing is completely frivolous and that further filings could be considered an

abuse of judicial process for which a sanction may be warranted). Green is hereby on notice that any future filings determined by this Court to be frivolous will be subject to, but not limited by, any of the sanctions discussed above.

Additionally, because this proceeding is without basis in the law and, thus, is frivolous, we note that this opinion and related judgment authorizes the Texas Department of Criminal Justice to forfeit Green's good-time credit pursuant to section 498.0045(b) of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 498.0045(b) (West 2012); *see also Johnson v. Peeples*, 399 S.W.3d 348, 352 (Tex. App.—Waco 2013, no pet.). The Clerk is ordered to provide notice of this opinion and judgment to the appropriate offices at the Texas Department of Criminal Justice, including the Correctional Institutions Division and the Parole Division, for that purpose.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Appeal dismissed
Opinion delivered and filed April 3, 2019
[CV06]

