# NOS. 12-19-00321-CR
# 12-19-00322-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY COLEMAN HICKS,* *APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

On September 30, 2019, Larry Coleman Hicks, acting pro se, filed a notice of appeal regarding trial court cause numbers 007-1262-12 and 007-1263-12. However, Appellant previously appealed from these cause numbers and, on May 31, 2019, we informed Appellant that this Court lacks jurisdiction over the two trial court cause numbers and any further attempts to file an appeal in these cause numbers would be deemed an abuse of the judicial process. *See Hicks v. State*, No. 12-19-00186-CR, 2019 WL 2461658, at *2 (Tex. App.—Tyler May 31, 2019, no pet.) (mem. op., not designated for publication). Pursuant to our inherent power to control this Court's docket, we directed Appellant to refrain from filing additional appeals from trial court cause numbers 007-1262-12 and 007-1263-12. *See id*.

Because Appellant ignored this Court's directive in our May 31, 2019, opinion, we conclude that Appellant engaged in dilatory and bad-faith abuse of the judicial process by once again appealing from trial court cause numbers 007-1262-12 and 007-1263-12. *See Brager v. State*, No. 0365-03, 2004 WL 3093237, at *3 (Tex. Crim. App. Oct. 13, 2004) (en banc) (not designated for publication). Due to this abuse, under our inherent power to sanction, this Court will not accept or file any future appeals pertaining to trial court cause numbers 007-1262-12 and 007-1263-12. *See id.*, at *2; *see also McDonald v. State*, 401 S.W.3d 360, 362 (Tex. App.—

Amarillo 2013, pet. ref'd); *Meyer v. State*, 310 S.W.3d 24, 26 (Tex. App.—Texarkana 2010, no pet.) (concluding appellant engaged in abuse of the judicial process and refusing to permit appellant to "attempt to further manipulate the appellate system"). These appeals are ***dismissed for abuse of the judicial process***. *See **Johnson v. State***, 166 S.W.3d 372, 373 (Tex. App.—Waco 2005, no pet.) (dismissing criminal appeal for abuse of judicial process).

Opinion delivered October 17, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 17, 2019**

**NO. 12-19-00321-CR**

**LARRY COLEMAN HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1262-12)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed for abuse of the judicial process.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for abuse of the judicial process**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 17, 2019

NO. 12-19-00322-CR

**LARRY COLEMAN HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1263-12)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed for abuse of the judicial process.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for abuse of the judicial process**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*