

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00433-CR

———————————————

OSCAR BONALES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 9
Tarrant County, Texas
Trial Court No. 1587985

---

Before Wallach, J.; Sudderth, C.J.; and Kerr, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Oscar Bonales filed a notice of appeal more than fifteen months ago. Despite his receiving warnings from the trial court and this court that his appeal could be dismissed, he has failed to retain appellate counsel after the trial court determined that he was not indigent, failed to designate and pay for a reporter's record, failed to acknowledge or to respond to this court's correspondence for more than eight months, and failed to file a brief. We therefore dismiss this appeal under our inherent authority for want of prosecution.

### I. Background

A jury convicted Bonales of driving while intoxicated with a blood–alcohol concentration level of greater than .15, a Class A misdemeanor, *see* Tex. Penal Code Ann. § 49.04(d), and assessed a $4,000 fine, *see id.* § 12.21(1). The trial court sentenced Bonales accordingly but probated $2,000 of the fine and placed Bonales on community supervision for eighteen months. He timely appealed, staying the commencement of his community-supervision term until an appellate mandate issues. *See Smith v. State*, 478 S.W.2d 518, 520 (Tex. Crim. App. 1972); *Humphries v. State*, 261 S.W.3d 144, 145 (Tex. App.—San Antonio 2008, no pet.).

Although Bonales had appointed trial counsel, she filed a motion to withdraw as appellate counsel in this court almost three months after his appeal began, stating that the trial court had determined that Bonales was no longer indigent and was not

2

entitled to appointed appellate counsel and that Bonales had not retained her as appellate counsel.[1]

We abated the appeal and remanded the case to the trial court to determine, among other things, whether Bonales remained indigent, whether he wanted to pursue the appeal, and whether he wanted to represent himself. On February 27, 2020, the trial court found that Bonales was not indigent, that he did want to prosecute his appeal, and that he did not want to represent himself. The trial court recommended that this court give Bonales until March 30, 2020 to retain an attorney for the appeal.

On March 20, 2020, after reviewing the abatement record, this court granted the motion to withdraw and ordered Bonales to file, by March 30, 2020, a notice in this court designating his new lead appellate counsel or a motion requesting an extension of time to do so or requesting other appropriate relief. *See* Tex. R. App. P. 6.1. On April 6, 2020, we sent Bonales a letter noting that he had not filed a notice of representation or a motion for extension of time and requested that within ten days, he file a notice designating new lead appellate counsel, a motion requesting an extension of time or other appropriate relief, or a response indicating that he had become indigent and unable to afford an attorney. We noted that if he did not timely

---

[1]That initial determination of Bonales's nonindigent status for appellate purposes is not in the appellate record.

respond, the appeal could proceed with him representing himself pro se. We stated, "If you choose to represent yourself pro se, you will be expected to comply with the same standards as an attorney with regard to the rules of evidence, procedure, and substantive law." *Cf.* Tex. Code Crim. Proc. Ann. art. 1.05; *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975) (holding that a valid waiver of counsel exists when an appellant voluntarily and intelligently chooses to waive the right to counsel and is aware of the "dangers and disadvantages of self-representation"). Bonales timely responded that he had lost his job because of the pandemic, had become indigent, and could not afford an attorney.

We again abated this appeal and remanded the case for the trial court to determine whether Bonales wanted to prosecute his appeal, whether he had become indigent, and whether appellate counsel should be appointed. On June 11, after learning that Bonales was working (just not at his pre-pandemic level), had been receiving unemployment benefits, and was anticipating receiving a government refund soon, the trial court again determined that Bonales was not indigent and that he wanted to pursue his appeal with counsel, and the trial court again recommended giving Bonales a thirty-day extension to retain appellate counsel. However, the trial court also recommended that if Bonales did not take some action to secure new appellate counsel to file a notice of representation in our court within thirty days, then this court should dismiss his appeal with prejudice so that his probationary period could begin:

4

THE COURT:      . . . . Okay. All right. *So what are your plans? So, again, I guess we're still at the same place.* In the Court's view here, you still don't meet the guidelines. So what are your intentions with regard to an attorney?

[BONALES]:      I have two that I've been talking to. But I just—[l]ike I said, I just need to do it and get on with this case.

THE COURT:      All right. . . . Well, this is what I'm contemplating. Again, this call is not my call, *but I'm contemplating recommending to the Court of Appeals that your attorney, if you're going to have one, files his or her notice of representation within 30 days of the date the Court of Appeals receives the paperwork from this hearing today. Otherwise, I'm going to recommend that they dismiss the appeal, and that will be that.*

So, again, Mr. Bonales, you're a pleasant enough fellow. *This is the third one of these hearings that we've had. So at some point, if you truly intend to appeal, well then you need to do something.* That means getting an attorney involved at least to the extent that they're willing to make an appearance. And then . . . [t]he Court will publish due dates and your attorney will work with you on whatever financial objective you must meet during that period. *But, you know, you've got to get started.* And my guess is, although the Court's free to make whatever decision they want, if they don't receive—

And you don't wish to represent yourself; is that correct?

[BONALES]:      Correct.

THE COURT:      So the only way this is happening is if you have a lawyer. So then the other questions on this list are not really relevant then.

So that's gonna be my recommendation. The Court—the Trial Court here recommends to the Court of Appeals that they give Mr. Bonales 30 days from the date . . . the record of this hearing is filed

5

with the Court of Appeals for him to have an attorney[] file a notice of representation with the Court of Appeals. *And, conversely, the Court will recommend if that's not done, because all things have to come to an end at some point, if that's not done in 30 days, then the Court recommends to the Court of Appeals that they dismiss this appeal with prejudice.*

*And then you'll just report in and start—I think you received probation or something. So you would start your probation term.*

Do you understand that?

[BONALES]:                    Yes, sir. [Emphasis added.]

This court never heard from Bonales again. On July 14, 2020, after we received the second abatement record, we sent him a letter requesting that by August 10, 2020, he file a notice in this court designating new lead counsel or a motion requesting an extension of time or other appropriate relief. We stated that absent his timely response, his appeal would proceed with him representing himself pro se. Bonales did not respond.

On August 20, 2020, we sent Bonales a letter telling him that the court reporter had informed us that he had not designated or made payment arrangements for the reporter's record. *See* Tex. R. App. 34.6(b)(1), 35.3(b)(2), (3). We stated that if he did not pay for the record, designate the record, and provide this court with proof of payment and designation by September 4, 2020, then the court could consider issues not requiring a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c). We also

6

stated that if he failed to designate and pay for the reporter's record by September 4, 2020, then his brief would be due on October 5, 2020. Bonales did not respond.

On October 22, 2020, we notified Bonales that his brief had not been filed and that unless, by November 2, 2020, he filed a motion reasonably explaining his failure to file a brief and the need for an extension, we could consider his appeal without briefs for only fundamental error. *See* Tex. R. App. P. 10.5(b), 38.8(b)(2), (b)(4); *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (applying the former appellate rule); *Baker v. State*, No. 02-14-00157-CR, 2015 WL 392640, at *2 (Tex. App.—Fort Worth Jan. 29, 2015, no pet.) (per curiam) (mem. op. on reh'g, not designated for publication). Bonales did not respond.

On November 24, 2020, we notified Bonales that his brief had not been filed as the appellate rules require. *See* Tex. R. App. P. 38.6(a). We stated that we could dismiss this appeal for want of prosecution unless, within ten days, Bonales filed with the court an appellant's brief and an accompanying motion reasonably explaining the brief's untimely filing and the need for an extension. We again received no response.

## II. Discussion

We have inherent power to dismiss this appeal. "[E]very court has the inherent power, exercisable in its sound discretion, consistent with the constitution and statutes, to control disposition of the causes on its docket with economy of time and effort." *Green v. State*, No. 12-19-00206-CR, 2019 WL 2573945, at *1 (Tex. App.— Tyler June 19, 2019, no pet.) (per curiam) (mem. op.; not designated for publication)

7

(quoting *Latham v. Casey & King Corp.*, 127 N.W.2d 225, 226 (Wis. 1964)); *see also McDonald v. State*, 401 S.W.3d 360, 362 (Tex. App.—Amarillo 2013, pet. ref'd) (quoting same). "An appellate court's inherent power to dismiss a case is reserved for those situations in which a party has engaged in some serious misconduct such as bad-faith abuse of the judicial process." *Baker*, 2015 WL 392640, at *2 (quoting *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.)). Filing an appeal with no serious interest in pursuing it to completion but instead as a delay tactic or for some other reason is an example of such misconduct. *See McReynolds v. State*, No. 07-10-00508-CR, 2011 WL 1496156, at *2 (Tex. App.—Amarillo Apr. 19, 2011, no pet.) (mem. op., not designated for publication); *Meyer v. State*, 310 S.W.3d 24, 26 (Tex. App.—Texarkana 2010, no pet.); *Johnson v. State*, 166 S.W.3d 372, 373 (Tex. App.—Waco 2005, no pet.).

We recognize that in a criminal appeal, an appellant's failure to timely file his brief, taken alone, does not authorize the court's dismissal of that appeal, whether under the Code of Criminal Procedure, Tex. Code Crim. Proc. Ann. art. 44.33(b); the Rules of Appellate Procedure, Tex. R. App. P. 38.8(b)(1); or our inherent powers, *Solomon v. State*, No. 02-16-00133-CR, 2016 WL 7240614, at *2 (Tex. App.—Fort Worth Dec. 15, 2016, no pet.) (per curiam) (mem. op., not designated for publication); *Baker*, 2015 WL 392640, at *2. Article 44.33(b) of the Texas Code of Criminal Procedure plainly states that an

8

[a]ppellant's failure to file his brief in the time prescribed shall not authorize a dismissal of the appeal by the Court of Appeals or the Court of Criminal Appeals, nor shall the Court of Appeals or the Court of Criminal Appeals, for such reason, refuse to consider appellant's case on appeal.

Tex. Code Crim. Proc. Ann. art. 44.33(b). Similarly, while the Texas Rules of Appellate Procedure explicitly provide an avenue for dismissing a civil appeal solely based on an appellant's failure to file a brief, *see* Tex. R. App. P. 38.8(a), Rule 38.8(b)(1) applies in criminal cases and states that "[a]n appellant's failure to timely file a brief does not authorize . . . dismissal of the appeal . . . ." Tex. R. App. 38.8(b)(1).

Rule 38.8(b) provides the following procedures for appellate courts to follow when the appellant's brief in a criminal case is not timely filed:

(2) Notice. If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing. In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action. Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief,

9

the appellate court may consider the appeal without briefs, as justice may require.

Tex. R. App. P. 38.8(b)(2)–(4). Some caselaw indicates that the requirement to remand the case for a hearing and findings when a brief is not filed does not apply to pro se appellants. *See, e.g.*, *Solomon*, 2016 WL 7240614, at *2 n.3; *State v. Bissing*, 169 S.W.3d 729, 730 (Tex. App.—Waco 2005, no pet.). That is not an issue we need to resolve here. Even if the Rule 38.8(b) procedures apply to Bonales, who had not retained appellate counsel, we substantially complied with them. We notified Bonales in both October and November 2020 that his brief had not been filed and afforded him an opportunity to obtain an extension. Admittedly, we did not abate the case a third time for the trial court to conduct a hearing and to make appropriate findings and recommendations, but there was no need. *See Homan v. Hughes*, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986) (orig. proceeding) (stating that the law does not require courts to perform useless tasks); *Solomon*, 2016 WL 7240614, at *2 n.3 (citing same). Months earlier, in the second abatement hearing, the trial court had impliedly found that Bonales had not made the necessary arrangements for prosecuting his appeal, and the trial court had advised us to dismiss the appeal if Bonales again failed (despite a second extension) to retain counsel to file a notice of representation in our court. *See* Tex. R. App. P. 38.8(b)(2)–(4). There is no reason to conclude that the trial court would have changed its dismissal recommendation after several more months of Bonales's delays.

When an appellant's sole failure in a criminal appeal is to not file a brief, we do not dismiss the appeal. In *Baker*, we held that we could not dismiss the appeal under our inherent authority because the appellant's failure to file an amended brief did "not constitute engaging in serious misconduct or in a bad-faith abuse of the judicial process" and his "efforts to represent himself pro se [did] not appear to be malicious or abusive." 2015 WL 392640, at *2. We reviewed the record for fundamental error and affirmed the trial court's judgment. *Id.*; *see also* Tex. R. App. 38.8(b)(4). Similarly, in *Solomon*, we held that an appellant who failed to request his brief after requesting and receiving an extension of time to file it did not by that failure alone engage in "serious misconduct or bad-faith abuse of the judicial process." 2016 WL 7240614, at *2. We therefore did not dismiss the appeal under our inherent powers but instead reviewed the record for fundamental error and affirmed the trial court's order denying DNA retesting and appointment of counsel. *Id.*; *see also* Tex. R. App. 38.8(b)(4). This case is distinguishable from those cases (and others like them) in which the appellant's sole procedural failure is to fail to file a brief.

If this were an appeal in which the appellant had merely not filed his brief and the trial court had not recommended dismissal, we would review the record for fundamental error in the interest of justice. *See Solomon*, 2016 WL 7240614, at *2; *see also* Tex. R. App. P. 38.8(b)(4); *Lott*, 874 S.W.2d at 688; *McAlister v. State*, No. 02-18-00121-CR, 2019 WL 165997, at *1 (Tex. App.—Fort Worth Jan. 10, 2019, no pet.)

11

(mem. op., not designated for publication); *Baker*, 2015 WL 392640, at *2. However, under the unique facts of this case, justice demands a different result.

Bonales has not simply failed to file his brief. He has completely failed in his duty to prosecute his appeal. He has neither designated nor paid for a reporter's record; therefore, there is no reporter's record. He has not retained appellate counsel despite the trial court's repeated findings that he was not indigent and his insistence that he did not want to represent himself. Finally, despite our repeated efforts, he has neither filed any documents nor otherwise communicated with this court in the period of more than eight months since the trial court warned him that it was recommending dismissal of the appeal if he did not do something to get it started.

Given Bonales's multiple failures to engage in this appeal in the last several months, the trial court's implicit findings that Bonales was delaying the imposition of his community supervision by not doing what was necessary to prosecute his appeal and by not actively pursuing his appeal, and Bonales's lack of communication with this court after hearing the trial court's recommendation of dismissal and after we sent him our own dismissal warning, we hold that we have inherent authority to dismiss this appeal for bad-faith abuse of the judicial process. *See* Tex. R. App. P. 44.3; *McReynolds*, 2011 WL 1496156, at *2; *Meyer*, 310 S.W.3d at 26–27; *Johnson*, 166 S.W.3d at 373; *see also Ex parte Gil*, No. 10-16-00109-CR, 2017 WL 123954, at *1 (Tex. App.—Waco Jan. 11, 2017, no pet.) (mem. op., not designated for publication)

12

(dismissing an appeal under appellate court's inherent authority and citing other Waco Court of Appeals cases doing the same).

### III. Conclusion

Accordingly, under our inherent authority and under the unique procedural facts of this case, we dismiss this appeal for want of prosecution. *See* Tex. R. App. 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 25, 2021